**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID A. PARKER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 17-12307

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court are objections filed by Plaintiff David A. Parker (Dkt. 16) to Magistrate Judge Anthony P. Patti's August 17, 2018 Report and Recommendation ("R & R") (Dkt. 15). In the R & R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 11), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 14), and affirm the challenged decision of the Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II. STATEMENT OF FACTS

Neither party has objected to the Magistrate Judge's statement of the background facts of this case regarding Plaintiff's claim for supplemental security income ("SSI") benefits, his medical and treatment history, and his testimony at the administrative hearing. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted). If the Commissioner's decision is supported by substantial

evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation marks and citation omitted). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, in reviewing the Defendant Commissioner's resolution of Plaintiff's claim for benefits, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV. ANALYSIS

Plaintiff advances three objections to the R & R. First, he takes issue with the Magistrate Judge's determination that he has failed to show prejudice resulting from multiple omissions and alleged inaccuracies in the written transcript of Plaintiff's hearing before the Administrative Law Judge ("ALJ"). Yet, as explained in the R & R, although Plaintiff invites the Court to presume that the testimony omitted from the hearing transcript was "central to the case," "pertinent" to his claim for benefits, and would have "bolster[ed] [his] arguments" in support of this claim, (Dkt. 16, Plaintiff's Objections at 2-4), he "does not fill in any of the blanks or correct any of the alleged inaccuracies" in an

3

effort to show that he was prejudiced by these transcription errors, (R & R at 7). The Magistrate Judge correctly observes that Plaintiff's present counsel also represented him at the administrative hearing and kept "detailed hearing notes," (*see id.* (quoting Dkt. 11, Plaintiff's Motion for Summary Judgment, Br. in Support at 13)), but Plaintiff and his counsel have not identified any specific testimony that was missing from the hearing transcript and would have lent support to Plaintiff's claims of disabling impairments. Moreover, the Magistrate Judge points out that despite the omissions from the transcript, the ALJ heard the testimony as it was given and considered it in arriving at her decision. (*See* R & R at 8.)

As noted by the Defendant Commissioner, Plaintiff takes a different tack in his objections to the R & R, seeking to raise a question whether the ALJ did, in fact, hear and consider the testimony that is omitted from the hearing transcript. Plaintiff has forfeited this challenge, however, by raising it for the first time in his objections to the R & R. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Swain v. Commissioner of Social Security,* No. 09-3500, 379 F. App'x 512, 517-18 (6th Cir. June 7, 2010). In any event, Plaintiff offers only pure speculation that the testimony omitted from the transcript "was evidently not considered by the ALJ." (Plaintiff's Objections at 3.) And even under this assumption, Plaintiff still must establish prejudice, but he instead invites the Court to presume it. The Court is unaware of any authority for such a presumption of prejudice, and the Social Security guideline cited by Plaintiff on this point is inapplicable, where it is triggered by more than three omissions ***per page*** of the hearing transcript and Plaintiff has identified thirteen omissions over the transcript's entirety. Finally, as for Plaintiff's more specific complaint that the transcript omits "vital

4

testimony" by the vocational expert in response to a question about the sort of reading required to perform the identified positions, (*id.* at 5-6), Defendant points out that immediately after this omitted response, the vocational expert gave thorough descriptions of the reading requirements for each of these positions, (*see* Admin. Record at 47-50). Thus, Plaintiff again has failed to show the requisite prejudice.

Next, Plaintiff reiterates his contention, first advanced in his underlying summary judgment motion, that the ALJ erred in determining at Step 2 of her inquiry that Plaintiff's cognitive deficits and borderline intellectual functioning did not rise to the level of severe impairments. As a threshold matter, however, the Magistrate Judge points out that Plaintiff has not been diagnosed with a cognitive impairment or borderline intellectual functioning, (*see* R & R at 9-10), and Plaintiff has not identified any purported error in the Magistrate Judge's disposition of this issue. Absent a showing of any such error, Plaintiff's objection lacks merit.

In any event, the Magistrate Judge goes on to explain that any such error would be harmless, so long as "the ALJ properly considered these impairments in the remaining steps of the sequential evaluation." (*Id.* at 11.) Although Plaintiff suggests that the ALJ's consideration of his cognitive deficits was inadequate and resulted in a hypothetical question to the vocational expert that did not properly incorporate these limitations, the Magistrate Judge aptly observes that this contention is "inaccurate," where the ALJ (i) expressly took note of the relevant evidence in the medical record, and (ii) gave sufficient reasons for discounting the opinion of one medical professional and according significant weight to the opinion of another. (*Id.* at 11-13.) To the extent that Plaintiff would prefer that the ALJ had allocated different weights to these opinions,

this is a task left to the ALJ so long as she acts within the relevant legal parameters, and Plaintiff fails to establish otherwise.

To be sure, Plaintiff advances precisely this challenge as his final objection to the R & R, arguing that the ALJ erred in giving limited weight to the opinion of a one-time examining psychologist, Matthew P. Dickson, Ph.D., while according significant weight to the opinion of Jerry Csokasy, Ph.D., a state agency psychologist who did not examine Plaintiff. As noted by Defendant, however, this challenge rests on the flawed premise that the ALJ relied on Dr. Dickson's lack of a treatment relationship with Plaintiff as "the critical element in discounting [his] opinion." (Plaintiff's Objections at 10.) In fact, the Magistrate Judge points out that the ALJ considered a number of factors in determining that Dr. Dickson's opinion was entitled to limited weight. (*See* R & R at 14-15 (quoting Admin. Record at 18).) Plaintiff does not even acknowledge the Magistrate Judge's analysis of this issue, much less identify any flaws in this analysis. Accordingly, this objection is overruled.

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's August 17, 2018 report and recommendation (Dkt. 15) in its entirety, and **OVERRULES** Plaintiff's August 28, 2018 objections to the report and recommendation (Dkt. 16). Accordingly, Plaintiff's motion for summary judgment (Dkt. 11) is **DENIED**, Defendant's motion for summary judgment (Dkt. 14) is

**GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

    **IT IS SO ORDERED.**

Date:  November 6, 2018                         s/Marianne O. Battani
                                                     MARIANNE O. BATTANI
                                                     United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 6, 2018.

                                                                            s/ Kay Doaks
                                                                            Case Manager